

(105) Citation With Rule To Show Cause: ISSUE PETITION OF EDWIN A GEOGHEGAN JR AND REQUEST FOR NON RESIDENT WRIT OF ATTACHMENT/ VERIFICATION;

150910-6494-7

## 24TH JUDICIAL DISTRICT COURT
## PARISH OF JEFFERSON
## STATE OF LOUISIANA

EDWIN A GEOGHEGAN JR
versus
JEFFERY BARRAD, ZACH M GYLER

Case: 750-627   Div: "I"
P 1 EDWIN A. GEOGHEGAN JR

To: JEFFERY BARRAD
6200 E SPRING ST
STE C
LONG BEACH CA 90815

LA Long Arm/HAND CARRY

PARISH OF JEFFERSON

You are hereby summoned to comply with the demand contained in the Petition of which a true and correct copy accompanies this citation, or make an appearance either by filing a pleading or otherwise, in the 24th Judicial District Court in and for the Parish of Jefferson, State of Louisiana, within THIRTY (30) calendar days after the return of service hereof, under penalty of default.

You are further ordered to show cause on the 20th day of September, 2015 at 9:00 AM (as per attached order).

This service was requested by attorney EVAN P. HOWELL III and was issued by the Clerk of Court on the 10th day of September, 2015.

/s/ Samantha J. Adam
Samantha J. Adam, Deputy Clerk of Court for
Jon A. Gegenheimer, Clerk of Court

_____SERVICE INFORMATION_____

(105) Citation With Rule To Show Cause: ISSUE PETITION OF EDWIN A GEOGHEGAN JR AND REQUEST FOR NON RESIDENT WRIT OF ATTACHMENT/ VERIFICATION;

150910-6494-7

Received:_____   Served:_____   Returned:_____

Service was made:
___ Personal       ___ Domiciliary _____

Unable to serve:
___ Not at this address       ___ Numerous attempts _____ times
___ Vacant                    ___ Received too late to serve
___ Moved                     ___ No longer works at this address
___ No such address           ___ Need apartment / building number
___ Other _____

Service: $_____   Mileage: $_____   Total: $_____

Completed by:_____ # _____
                    Deputy Sheriff
Parish of: _____



EXHIBIT A

Page 1 of 1





(105) Citation With Rule To Show Cause: ISSUE PETITION OF EDWIN A GEOGHEGAN JR AND REQUEST FOR NON RESIDENT WRIT OF ATTACHMENT/ VERIFICATION;

150910-6494-7

## 24TH JUDICIAL DISTRICT COURT
## PARISH OF JEFFERSON
## STATE OF LOUISIANA

EDWIN A GEOGHEGAN JR
   versus
JEFFERY BARRAD, ZACH M GYLER

Case: 750-627   Div: "I"
P 1 EDWIN A. GEOGHEGAN JR

To: JEFFERY BARRAD
6200 E SPRING ST
STE C
LONG BEACH CA 90815

LA Long Arm/HAND CARRY

PARISH OF JEFFERSON

You are hereby summoned to comply with the demand contained in the Petition of which a true and correct copy accompanies this citation, or make an appearance either by filing a pleading or otherwise, in the 24th Judicial District Court in and for the Parish of Jefferson, State of Louisiana, within THIRTY (30) calendar days after the return of service hereof, under penalty of default.

You are further ordered to show cause on the 20th day of September, 2015 at 9:00 AM (as per attached order).

This service was requested by attorney EVAN P. HOWELL III and was issued by the Clerk of Court on the 10th day of September, 2015.

/s/ Samantha J. Adam
Samantha J. Adam, Deputy Clerk of Court for
Jon A. Gegenheimer, Clerk of Court

_____ SERVICE INFORMATION _____

(105) Citation With Rule To Show Cause: ISSUE PETITION OF EDWIN A GEOGHEGAN JR AND REQUEST FOR NON RESIDENT WRIT OF ATTACHMENT/ VERIFICATION;

150910-6494-7

Received:_____ Served:_____ Returned:_____

Service was made:
   ___ Personal   ___ Domicilary _____

Unable to serve:
   ___ Not at this address   ___ Numerous attempts _____ times
   ___ Vacant   ___ Received too late to serve
   ___ Moved   ___ No longer works at this address
   ___ No such address   ___ Need apartment / building number
   ___ Other _____

Service: $_____   Mileage: $_____   Total: $_____
Completed by:_____ # _____
               Deputy Sheriff
Parish of: _____

IN THE 24th JUDICIAL DISTRICT COURT FOR THE PARISH OF JEFFERSON
FOR THE STATE OF LOUISIANA

CASE NO.: 750-627　　　　　　　　　　　　　　　　　　　　　　DIV:

EDWIN A. GEOGHEGAN, Jr.
Plaintiff

Versus

JEFFERY BARRAD
And
ZACH M. GYLER
Defendants

DATE FILED: _____

DEPUTY CLERK

### PETITION OF EDWIN A. GEOGHEGAN, JR. AND REQUEST FOR NON-RESIDENT WRIT OF ATTACHMENT

This is the Petition of Edwin A. Geoghegan, Jr., domiciled in the Parish of Orleans, State of Louisiana, who respectfully represents:

**THE PARTIES**

1. Edwin A. Geoghegan, Jr. ("Plaintiff" or "Mr. Geoghegan"), is domiciled in the Parish of Orleans, State of Louisiana

Named defendants are:

(a) Jeffery Barrad ("Mr. Barrad") is a person of full age and majority, domiciled in the City of Long Beach, State of California.

(b) Zach M. Gyler ("Mr. Gyler") is, on information and belief, a person of full age and majority, domiciled in the Parish of Orleans, State of Louisiana (Sometimes collectively referred to as "Defendants").

**JURISDICTION AND VENUE**

2. The Court has subject matter jurisdiction over this action pursuant to La. C.C.P. arts. 1 and 2, as this Court has the legal power and authority to hear and determine an action or proceeding involving the legal relations of the parties, and to grant the relief to which they are entitled.

3. Venue is proper in this judicial district pursuant to La. C.C.P. art. 42 and La. C.C.P. art. 76.1 because a substantial part of the events giving rise to the claims occurred within this judicial district, including on a contract may be brought in the parish where the

contract was executed or the parish where any work or service was performed or was to be performed under the terms of the contract.

### NATURE OF THE LITIGATION

4. This litigation arises from a developer who spent millions to reopen two apartment complexes in Gretna[1] after Hurricane Katrina and who was forced by the first mortgage holder to go into Chapter 11 bankruptcy. The Chapter 11 bankruptcy failed. Thereafter, the Chapter 7 trustee sued Mr. Geoghegan, a former member and a creditor of the bankrupt limited liability company, which owned one of the apartment complexes. During the Chapter 7, the Trustee sought to recover the payments Mr. Geoghegan received prior to the bankruptcy proceeding.

5. During the Chapter 7, the holder of the first mortgage note sued Mr. Barrad on his personal guarantee. Upon payment of his personal liability, Mr. Barrad took possession and ownership of the first mortgage note and sought to impose personal liability upon Mr. Geoghegan, who prior to the bankruptcy filing had no personal liability on the first mortgage note. Mr. Geoghegan had to pay the Chapter 7 bankruptcy estate in settlement. After payment of administrative claims, Mr. Barrad was the only general unsecured creditor to receive a distribution from the Chapter 7 bankruptcy estate.[2] Mr. Geoghegan now sues Mr. Barrad and Mr. Gyler pursuant to Louisiana law to recapture his share and contribution they each owe to Mr. Geoghegan for the payments he made to the Chapter 7 bankruptcy estate.

6. The Defendants are liable unto *in solido* Plaintiff for all damages occasioned by their actions and inactions by which they acquired personal liability to Mr. Geoghegan.

7. Additionally, Plaintiff desires to obtain from this court a writ of attachment, based on the fact that the defendant Jeffery Barrad is now a non-resident of the State of Louisiana, despite having conducted business in Louisiana; he has permanently departed for the State of California his current domicile.

---

[1] 200 Holmes Blvd., Gretna, Louisiana.

[2] Entergy Louisiana, LLC is a *de minimis* creditor, receiving $74.86 on its allowed claim of $927.70.

## FACTS

### A. Factual Allegations as to Merits

8. Before Katrina, Mr. Geoghegan was the owner of an 80-unit apartment complex called River Chase Apartments located at 200 Holmes Blvd., Gretna, Louisiana ("Apartment Complex"). Title to the Apartment Complex was held in the name of River Chase, L.L.C., an entity that was 100% owned by Mr. Geoghegan and his wife. Mr. Geoghegan originally purchased the Apartment Complex for approximately $1 million.

9. Hurricane Katrina hit destroying the apartment complex. When Katrina struck in late 2005, the Apartment Complex was effectively totaled. Mr. Geoghegan, through River Chase, L.L.C., received $1.4 million in insurance proceeds and apparently was permitted to retain the destroyed shell of the Apartment Complex.

10. On or about May 13, 2006, Mr. Geoghegan entered into an agreement ("May 2006 Agreement") with BGG-IV and/or Howard Gyler to transfer the destroyed shell of the Apartment Complex to BGG-IV. The members of BGG-IV are Jeffery and Nancy Barrad, Howard and Paula Gyler, Zach M. Gyler, and Mr. Geoghegan. Jeffery Barrad, Howard Gyler and Zach Gyler were managers of BGG-IV.

11. Mr. Geoghegan and BGG-IV agreed, among other things, that the value of the destroyed shell of the Apartment Complex would be $1,350,000, and that Mr. Geoghegan would contribute the Apartment Complex shell to a joint venture in exchange for "a payment of $1,350,000, payable monthly interests only payments, and upon the future sale of the Apartment Complex, Mr. Geoghegan, would receive an amount "equal 50% ownership in the new partnership" under the May 2006 Agreement. Individually and as managers of BGG-IV, Mr. Barrad and Mr. Gyler agreed to and consented with Mr. Geoghegan the specific terms of the May 2006 Agreement.

12. Approximately 9½ months later, Mr. Geoghegan was included as a participant in a second mortgage recorded against the Apartment Complex, for the specific purpose of providing security for his equity contribution. Mr. Barrad and Mr. Gyler agreed to and consented with Mr. Geoghegan regarding the second mortgage being recorded against the Apartment Complex

13. On October 17, 2008, B-G&G Investors IV, LLC (hereinafter sometimes referred to as "Debtor" and or B-GG IV ) executed a Promissory Note in favor of Regions Bank, N.A. in the amount of $3,180,000.00 ("Promissory Note"). The Promissory Note and related security and



commercial guaranty agreements executed by the Debtor and by Howard Gyler and Jeff Barrad as guarantors ("Guarantors").

14. On July 22, 2011, Regions assigned its interest in the Promissory Note and the Loan Documents to LSREF2 Baron Trust 2011. LSREF2 Baron Trust 2011 subsequently assigned the Promissory Note and Loan Documents to Wells Fargo Bank, N.A. ("Wells Fargo"), as collateral for its own financing with Wells Fargo. Hudson Americas, LLC ("Hudson") is acting in its capacity as special loan servicer for LSREF2 Baron Trust 2011 and special loan servicer and attorney-in-fact for Wells Fargo. Hudson, LSREF2 Baron Trust 2011, Wells Fargo Bank, N.A., and their successors in interest are collectively defined herein as "Lender."

15. B-G&G Investors IV, LLC ("Debtor" or "BGG-IV") filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code on February 3, 2012 initiating its bankruptcy case, Bankr. Case No. 12-10307 ("Bankruptcy Case").

16. Approximately $3,284,194.42 in principal, interest, fees and other charges remained due under the Promissory Note as of the Petition Date.

17. The Bankruptcy Case was subsequently converted to Chapter 7 by Order entered on October 1, 2013, Bankr. Case No. 12-10307. David V. Adler, a member of the standing Chapter 7 panel, was appointed Chapter 7 Trustee.

18. On February 1, 2014 the Chapter 7 Trustee filed an Adversary Proceeding against Mr. Geoghegan seeking to clawback moneys paid to Mr. Geoghegan prior to the filing of B-G&G IV, LLC's bankruptcy filing (the "Adversary Proceeding").

19. On or about April 03, 2014, Hudson transferred to Mr. Barrad all of its interest in and to the Lender's rights to the Promissory Note and Loan Documents. The Transfer of the Lender's rights to Mr. Barrad is part of a full and complete settlement of Mr. Barrad's personal liability as a guarantor on $3,180,000.00 Promissory Note.

20. Mr. Barrad then urged the Chapter 7 Trustee to collect as much money as possible from Mr. Geoghegan through the Adversary Proceeding so as to recapture and pay Mr. Barrad for the moneys he spent to absolve himself of his personal liability.

21. The Chapter 7 Trustee and Mr. Geoghegan reach a compromise for the Adversary Proceeding. Under the terms of the compromise, Mr. Geoghegan reserves his rights to sue Mr. Barrad and others for the losses he sustained.



22. Mr. Barrad and Mr. Gyler consented to and assented to all transfers, payments and distributions to Mr. Geoghegan by or on behalf of B-G&G IV, LLC.

23. In January and April, 2015, Mr. Geoghegan paid $240,000.00 to the Trustee for the Bankruptcy Estate of BGG-IV.

24. By June, 2015, Mr. Barrad is to receive $94,861.65 from the Bankruptcy Estate of BGG-IV, Bankr. Case No. 12-10307.

LAW

**B. Allegations As to the Merits**

First Cause of Action – La. R.S. 12:1328

25. Mr. Geoghegan re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs as though fully set forth herein.

26. Each member . . . or manager . . . who knowingly . . . or assents to a distribution in violation of the articles of organization, an operating agreement, or R.S. 12:1327 shall be jointly and severally liable to the limited liability company for the amount of the distribution that exceeds the amount that could have been distributed without violating R.S. 12:1327.

27. Each member or manager liable under La. R.S. 12:1328(A) for an unlawful distribution shall be entitled to a contribution from each other member or manager who could be held liable under such Subsection. La. R.S. 12:1327(B).

28. Mr. Barrad and Mr. Gyler, as members and managers, knowingly and actually assented to a distribution in violation of La. R.S. 12:1327, and are jointly and severally liable to the limited liability company for the amount of the distribution that exceeded the amount that could have been distributed without violating La. R.S. 12:1327.

29. Mr. Mr. Barrad and Mr. Gyler are liable under La. R.S. 12:1328(A) and thus Mr. Geoghegan is entitled to a contribution from Mr. Barrad and Mr. Gyler who could be held liable under such Subsection.

30. As a result of Defendants' breach of La. R.S. 12:1328(A), Geoghegan has suffered damages, entitling him to an award of damages, costs, interest and attorneys' fees as permitted by applicable law.

IN THE ALTERNATIVE;

Second Cause of Action – Law of Suretyship

31. Mr. Geoghegan re-alleges and incorporates by reference the allegations set forth in the

IMAGED JUN 15 2015



Page **5** of 13
09/10/2015 15:55:49CERTIFIED TRUE COPY - Pg:5 of 12 - Jefferson Parish Clerk of Court - /s/Samantha J. Adam
JON A. GEGENHEIMER

preceding paragraphs as though fully set forth herein.

32. The surety who pays the principal obligation is subrogated by operation of law to the rights of the creditor.

33. The Promissory Note and related security and commercial guaranty agreements were executed by the Debtor and by Howard Gyler and Jeff Barrad as guarantors.

34. Mr. Geoghegan is not a guarantor of the Promissory Note and related security and commercial guaranty agreements.

35. Co-sureties are those who are sureties for the same obligation of the same obligor. They are presumed to share the burden of the principal obligation in proportion to their number unless the parties agreed otherwise or contemplated that he who bound himself first would bear the entire burden of the obligation regardless of others who thereafter bind themselves independently of and in reliance upon the obligation of the former.

36. Mr. Barrad, as holder of the Promissory Note and related security related security and commercial guaranty agreements executed by the Debtor and by Howard Gyler and Jeff Barrad as guarantors, has no right of suretyship against Mr. Geoghegan.

### Third Cause of Action - Breach of Contract

37. Mr. Geoghegan re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs as though fully set forth herein.

38. Mr. Geoghegan and BGG-IV agreed, among other things, that the value of the destroyed shell of the Apartment Complex would be $1,350,000, and that Mr. Geoghegan would contribute the Apartment Complex shell to a joint venture in exchange for "an payment of $1,350,000, payable monthly interest only payments, and upon the future sale of the Apartment Complex, Mr. Geoghegan, would receive an amount "equal 50% ownership in the new partnership" under the May 2006 Agreement. Individually and as managers of BGG-IV, Mr. Barrad and Mr. Gyler agreed to and consented with Mr. Geoghegan the specific terms of the May 2006 Agreement.

39. As a result of Defendants' breach of its contracts with Mr. Geoghegan, Mr. Geoghegan has suffered damages, and continues to suffer substantial damages, entitling him to an award of damages, costs, interest and attorneys' fees as permitted by applicable law

### Fourth Cause of Action - Abuse of Right

30. Mr. Geoghegan re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs as though fully set forth herein.

41. This action applies when a legal right is exercised without benefit to the owner or with a purpose other than that for which it was granted.

42. The Abuse of Rights doctrine has been applied only when one of the following conditions is met:

> (1) If the predominant motive for it was to cause harm;
>
> (2) If there was no serious or legitimate motive for refusing or exercise of the right;
>
> (3) If the exercise of the right to refuse is against moral rules, good faith, or elementary fairness;
>
> (4) If the right is exercised for a purpose other than that for which it is granted.

43. Defendants have violated at least three of the above conditions.

44. As a result of Defendants' abuse of rights with Mr. Geoghegan, Mr. Geoghegan has suffered damages, entitling him to an award of damages, costs, interest and attorneys' fees as permitted by applicable law

**Fifth Cause of Action - Lack of Good Faith**

45. Mr. Geoghegan re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs as though fully set forth herein.

46. Good faith centers on expectations usually by scrutinizing the language and circumstances of the agreement.

47. The utility of good faith is in its policing contractual behavior.

48. The inquiry beyond the terms of the contract and invites an examination of the opposite party course of conduct to determine whether that party breached its duty of good faith in exercising that right against the other party.

49. The implied term of good faith performance "[requires] cooperation on the part of one party to the contract so that another party will not be deprived of his reasonable expectations."

50. Good faith performance "properly requires some objective standard tied to commercial reasonableness."

51. Defendants have acted without good faith by seeking to impose liability on Mr. Geoghegan when none was to exist.

52. As a result of Defendants' breach of its contracts with Mr. Geoghegan, they have acted

IMAGED JUN 15 2015



without good faith and in bad faith, Mr. Geoghegan has suffered damages, entitling him to an award of damages, costs, interest and attorneys' fees as permitted by applicable law.

### Sixth Cause of Action - Unfair Methods of Competition and Unfair Trade Practice

53. Mr. Geoghegan re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs as though fully set forth herein.

54. La. R.S. 51:1405 declares "unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce ... unlawful" in the State of Louisiana.

55. What constitutes an unfair trade practice is to be determined by the courts on a case-by-case basis.

56. La. R.S. 51:1409 confers a right of private action on "[a]ny person who suffers any ascertainable loss of money or movable property, corporeal or incorporeal" from unlawful trade practices. This language has been held to confer the private right of action on persons, consumers and business competitors.

57. A practice is unfair when it offends established public policy and when the practice is unethical, oppressive, unscrupulous, or substantially injurious to consumers and consumers, includes business competitors.

58. As a result of Defendants' unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce, Mr. Geoghegan has suffered damages, foreseeable and unforeseeable, entitling him to an award of damages, costs, interest and attorneys' fees as permitted by applicable law.

### Seventh Cause of Action – Breach of Fiduciary Duty

59. Mr. Geoghegan re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs as though fully set forth herein.

60. The persons who are empowered to manage an LLC owe fiduciary duties to the LLC and to its members.

61. Mr. Barrad acted in his own interests and not in the interests of the LLC and its members, Mr. Geoghegan in particular.

62. Mr. Barrad has breached his duty of loyalty.

62. As a result of Mr. Barrad's breached his fiduciary duty owed to the LLC and Mr.



Geoghegan, Mr. Geoghegan has suffered damages, foreseeable and unforeseeable, entitling him to an award of damages, costs, interest and attorneys' fees as permitted by applicable law.

**Writ of Attachment**

63. Mr. Geoghegan re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs as though fully set forth herein.

64. Mr. Barrad is to receive $94,861.65 from the Bankruptcy Estate of BGG-IV. These funds are in the State of Louisiana, the Parishes of Orleans and Jefferson. Mr. David V. Adler, in his official capacity as Trustee for the Bankruptcy Estate of B-G&G IV, LLC has possession of these funds.

65. Mr. Geoghegan, the Plaintiff, is entitled to a writ of attachment in this matter, pursuant to La. C.C.P. Art. 3541(5). in that Mr. Barrad is a non-resident of Louisiana, who has not appointed an agent for service of process in this state in the manner required by law, and that the defendant has permanently departed the State of Louisiana for the State of California, where he is now domiciled.

66. The bond required of Mr. Geoghegan, the Plaintiff, in this matter is fixed at a maximum of $250.00, as is set out in La. C.C.P. Art. 3544.

### DAMAGES

67. For these reasons, Mr. Geoghegan seeks a judgment for (a) all moneys paid to the Bankruptcy Estate, some $240,000.00; and (b) all moneys which would be paid to Mr. Barrad representing $94,861.65 from Mr. Geoghegan; (c) and, in the alternative, contribution from Mr. Barrad and Mr. Gyler as allowed by law; (d) any amount later discovered; (e) any amount later proved at trial; and (f) all interest on sums due as allowed by law. Mr. Geoghegan also seeks attorney's fees and costs as allowed by law.

### RESERVATION OF RIGHTS

68. During the course of this proceeding, Mr. Geoghegan may learn (through discovery or otherwise) of additional actions or inaction by Defendants under the theories set forth in this Petition. Mr. Geoghegan reserves his right to amend this original Petition to include: (i) further information regarding the facts described herein, and/or (ii) additional causes of action, that



may become known to Mr. Geoghegan at any time during this proceeding, through formal discovery or otherwise, and for the Amendments to relate back to this original Petition.

### PRAYER FOR RELIEF

**WHEREFORE** the Plaintiff, Edwin A. Geoghegan, Jr., hereby prays that that the Court find his favor and his Petition be deemed good and sufficient and that after due proceedings are had, there be an judgment entered in Plaintiff's favor against the Defendants Jeffery Barrad and Zach M. Gyler, awarding Plaintiff all damages as described above with interest, reasonable attorney's fees and costs of these proceedings as allowed by law against Defendants, as well as any general and equitable relief which the Court deems proper and sufficient and to which it may be entitled.

**PLAINTIFF FURTHER PRAYS** that, on Plaintiff furnishing security as required by law, a writ of attachment, in due form, be issued to the Sheriff of the Parish of Jefferson, and to any and all other sheriffs, constables or marshals within the State of Louisiana, wherein property of the defendant Jeffery Barrad may be found, commanding them to seize and attach, according to law, the property of Jeffrey Barrad, Defendant, in an amount sufficient to satisfy Plaintiff's claim, as set out above, and to hold this property subject to the further order of this court.

**PLAINTIFF FURTHER PRAYS** that, after due proceedings are had, the writ of attachment be maintained and the bond furnished by plaintiff be cancelled, plaintiff's privilege on the property seized be recognized, and that when this property is sold, plaintiff's claim be paid with preference and priority.

**PLAINTIFF FURTHER PRAYS** that it be allowed to deposit cash, in lieu of surety, for the amount of attachment bond to be fixed herein.

Respectfully Submitted,

/s/ Evan Park Howell III
Evan Park Howell III (No.18957)
Attorney at Law
248-A Orion Avenue
Metairie, Louisiana 70005
Telephone:   (504) 343-4346
Facsimile:   (504) 613-6733
E-mail:      evanhowell@cox.net
*Counsel for Plaintiff:*
*Edwin A. Geoghegan, Jr*

IMAGED JUN 15 2015



PLEASE SERVE:
VIA LA LONG ARM STATUTE

Jeffery Barrad
6200 E Spring St, Suite C
Long Beach, CA 90815
(562) 421-6950

PLEASE SERVE:
PERSONALLY

Zach M. Gyler
2223 Cobblestone Ln
New Orleans, LA 70114-8978

no ck #: 2296 $20.00

PLEASE SERVE WITH A COPY
OF THE ORIGINAL PETITION
AND THE WRIT OF ATTACHMENT
UPON:

David V. Adler, Bankruptcy Trustee
in his official capacity as Trustee
for the Bankruptcy Estate of B-G&G IV, LLC
Case No. 12-10307
320 Orion Avenue
Metairie, Louisiana 70005

IMAGED JUN 16 2015

IN THE 24th JUDICIAL DISTRICT COURT FOR THE PARISH OF JEFFERSON
FOR THE STATE OF LOUISIANA

CASE NO.: 750-627                                              DIV:

EDWIN A. GEOGHEGAN, Jr.
Plaintiff

Versus

JEFFERY BARRAD
And
ZACH M. GYLER
Defendants

DATE FILED: _____        _____
                                    DEPUTY CLERK

## ORDER

Considering the foregoing Petition and Request for Non-Resident Writ of Attachment,

**IT IS ORDERED** that, upon the Plaintiff, Edwin A. Geoghegan, Jr., furnishing bond, with good and solvent surety, conditioned as the law directs, in the amount of $250.00, as is required by La. C.C.P. Art. 3544, a writ of attachment issue as prayed for, and according to law.

**IT IS FURTHER ORDERED** the Sheriff of Jefferson is to seize under a writ of attachment, the $94,861.65 Mr. Barrad is to receive from the Bankruptcy Estate of BGG-IV. Mr. David V. Adler, in his official capacity as Trustee for the Bankruptcy Estate of B-G&G IV, LLC has legal possession of these funds.

**IT IS FURTHER ORDERED** that Plaintiff be granted leave to pay cash, in the amount of $250.00, into the registry of court, in lieu of surety.

Gretna, Louisiana, this _____ day of June, 2015.

                                    See stamped order below
                                    -RZS
                                    _____
                                    DISTRICT JUDGE

PLEASE SERVE WITH A COPY
OF THE ORIGINAL PETITION
AND THE WRIT OF ATTACHMENT
UPON:

**ORDER**
The above motion is set for contradictory hearing on August 20, 2015 at 9:00 a.m.
Gretna, LA this ___ day of _____, 2015
CODED
_____
JUDGE

David V. Adler, Bankruptcy Trustee
in his official capacity as Trustee
for the Bankruptcy Estate of B-G&G IV, LLC
Case No. 12-10307
320 Orion Avenue
Metairie, Louisiana 70005

IN THE 24th JUDICIAL DISTRICT COURT FOR THE PARISH OF JEFFERSON
FOR THE STATE OF LOUISIANA

CASE NO.: 750-627   DIV:

EDWIN A. GEOGHEGAN, Jr.
Plaintiff

Versus

JEFFERY BARRAD
And
ZACH M. GYLER
Defendants



DATE FILED: _____   _____
DEPUTY CLERK

## VERIFICATION

STATE OF LOUISIANA

PARISH OF JEFFERSON

BEFORE ME, personally came and appeared the undersigned,

**EVAN PARK HOWELL III**

who deposed that he is attorney of record for the Plaintiff, Edwin A. Geoghegan, Jr., and that he has read the foregoing petition, and that all the facts alleged in said Petition and for Non-Resident Writ of Attachment, are true and correct to the best of his knowledge and belief.

_____
EVAN PARK HOWELL III

Sworn to and subscribed
before me this __15__
day of June, 2015.

_____
NOTARY PUBLIC

**MARIA GRAY DOLESE**
**ID NUMBER 38131**

